**No extension beyond 45 days can be granted. See 11 USC § 521(i).**



**SO ORDERED.**

**SIGNED this 03rd day of June, 2010.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

## United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| ALFREDO ESPARZA | 10-30720-C |
| *DEBTOR* | CHAPTER 13 |

### ORDER GRANTING EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENT OF AFFAIRS

CAME ON for consideration the foregoing matter. The debtor moves for an extension of time to file schedules and statement of affairs. The extension would be to a date beyond the 45th day following the dtae of the filing of the petition. This court has ruled in the past that such extensions cannot be granted, because of the language of section 521(i)(1). *See In re Lopez*, Bankr. Case. No. 09-31511-C (slip opinion), at 5 (Bankr. W.D.Tex. Sept. 17, 2009), *available at* http://www.uscourts.gov/opinions/judges/php. That is, technically, not true. Section 521(i)(3) provides that the debtor may request an additional period of not to exceed 45 days to file schedules and statement of affairs (one of the documents required to be filed under subsection (a)(1) of section 521) – but only if the courts finds justification for extending the period for filing. The request must be made before the expiration of the 45 day period.

The court finds that the debtor has made a timely request for an extension, and further finds that the motion sets out adequate justification for extending the period for filing. The motion notes that the debtor only recently retained current counsel, and that they have had insufficient time to prepare those schedules and statement of affairs. The debtor originally filed *pro se*. The motion for an extension of time will accordingly be granted.

The court notes that, in order to grant relief under section 521(i)(3), a party must not only demonstrate that more time is needed, but must also demonstrate the justification for not being able to file such documents within the original 45 day period contemplated by section 521(i)(3). That is (and should be) a higher burden than a simple "I need more time," because 45 days is already a presumptively more than reasonable amount of time to expect most consumer debtors to have filed schedules and statement of affairs. Any motion asking for such an extension should thus expressly reference section 521(i)(3) in the caption, to alert the court of the nature of the relief requested, and should further specifically address why an additional amount of time beyond the already generous 45 day period provided in the statute is justified.

The extension to June 5, 2010 is granted.

# # #